ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JESÚS MÁRQUEZ MATOS<br>Recurrido<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br>Peticionario | KLCE202500023 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV06930<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece el Municipio Autónomo de San Juan y su aseguradora MAPFRE PRAICO Insurance Company, (peticionarios) y solicitan la revocación de una *Resolución* notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 27 de noviembre de 2024. En esta, el TPI denegó una solicitud de desestimación promovida por los peticionarios.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

El señor Jesús Márquez Matos (señor Márquez Matos o recurrido) instó una demanda por daños y perjuicios en contra de los peticionarios. Alegó que, el 30 de septiembre de 2023, mientras caminaba hacia su casa, por la acera localizada frente a su residencia, sita en la Calle Loíza #1704, en el Municipio de San Juan, cayó en un hueco. Lo antes, causó que se torciera el pie, perdiera el balance y cayera al piso. Recibió tratamiento médico en una sala de emergencias y luego servicios médicos de un ortopeda.

Por la alegada negligencia de los peticionarios, así como del Estado Libre Asociado de Puerto Rico (ELA), solicitó resarcimiento por daños físicos y emocionales sufridos.[1]

Así las cosas, los peticionarios presentaron una *Solicitud de desestimación y/o Sentencia Sumaria,* el 18 de octubre de 2024. En esencia, arguyeron que, el Municipio Autónomo de San Juan (MSJ) no ejerce jurisdicción, control y mantenimiento sobre la Calle Loíza (PR-37) y sus aceras. Ello, porque la Calle Loíza es una servidumbre del Departamento de Transportación y Obras Públicas o la Autoridad de Carreteras del Estado Libre Asociado de Puerto Rico. Tras citar las disposiciones de la Regla 10.2 y la Regla 36 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 y R. 36, así como la Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA sec. 13, mejor conocida como *Ley de Travesías* y el Artículo 1.053 del *Código Municipal de Puerto Rico,* 21 LPRA sec. 7084, solicitaron la desestimación de la causa. Como fundamento adicional, citaron lo resuelto en *González Meléndez v. Municipio de San Juan,* 212 DPR 601 (2023). Ello, en la medida que, el Alto Foro le reconoció inmunidad al MSJ, al amparo del inciso g del Art. 15.005 de la derogada *Ley de Municipios Autónomos,* lo cual es idéntico al Artículo 1.053(g) del *Código Municipal de Puerto Rico.* Citaron, además, de forma persuasiva, lo resuelto por un panel hermano en el recurso número KLCE202301067. A lo antes se opuso el recurrido, por entender que, existen controversias sobre la titularidad de la PR-37 y sobre la posible existencia de un convenio entre el ELA y el MSJ para el control y mantenimiento de dicha área.

Evaluado lo anterior, el foro primario concluyó que, no procede la desestimación de la causa de acción contra el MSJ y su

---

[1] El 20 de enero de 2025, la parte peticionaria, Municipio Autónomo de San Juan y su aseguradora MAPFRE PRAICO Insurance Company, presentaron su alegación responsiva. Entrada núm. 24 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

aseguradora, MAPFRE PRAICO Insurance Company (MAPFRE) en esta etapa de los procesos. El foro primario destacó que, existen dos certificaciones suscritas por funcionarios del MSJ (de 23 de mayo de 2024 y 8 de octubre de 2024) que se contradicen entre sí. Oportunamente, el MSJ y MAPFRE solicitaron reconsideración. En esta sostuvieron que, la primera certificación fue realizada en una etapa previa a la conclusión de una investigación y verificación de estatutos, convenios y contratos del MSJ. Indicaron que, luego de culminar la investigación, se emitió una segunda certificación en la que se concluyó que, no existe convenio que imponga responsabilidad al MSJ por accidentes en la Calle Loíza y las aceras aledañas. Por ello, reiteraron su suplica desestimatoria de la demanda interpuesta en su contra. Añadieron que, según lo resuelto por un panel hermano de esta Curia, en *Álvarez Sotomayor v. Municipio de San Juan,* (recurso número KLAN202300935), así como lo resuelto mediante la *Sentencia* emitida por el TPI en Hilda Nin Rodríguez v. Estado Libre Asociado y otros, (caso núm. SJ2024CV01820), procede aplicar la inmunidad reconocida en los citados precedentes judiciales y constatado mediante la segunda certificación emitida por el MSJ. A lo antes, anejaron la certificación en cuestión y una declaración jurada del señor David Rafael Jiménez Mercado, Ingeniero III y representante del Municipio Autónomo de San Juan.

Al denegar el referido petitorio dispositivo, el TPI dispuso lo siguiente:

> No Ha Lugar. Precisamente porque existen declaraciones encontradas la parte demandante debe tener la oportunidad de realizar descubrimiento de prueba sobre el particular. En cuanto a la declaración jurada, la misma no formó parte de la solicitud inicial y por tanto no se toma en consideración en esta etapa. Pero, aun cuando fuera procedente considerarla, tampoco mueve el ánimo del tribunal para privar a la parte del derecho a descubrimiento.[2]

---

[2] Apéndice, pág. 67.

Insatisfechos los peticionarios, acuden ante esta Curia y señalan lo siguiente:

> El Art. 1.053(g) del Código Municipal de Puerto Rico concede inmunidad absoluta y sin excepción alguna a los municipios por acciones de daños y perjuicios en su contra cuando ocurren accidentes en las carreteras o aceras estatales por cualquier acto u omisión de un funcionario, agente o empleado de un municipio. Erró el Tribunal de Primera Instancia al no aplicar dicha inmunidad concedida a los municipios y por ende denegar la moción de desestimación y/o sentencia sumaria del Municipio Autónomo de San Juan y MAPFRE PRAICO Insurance Company como su aseguradora, ante el hecho incontrovertido de que la Calle Loíza (PR-37) es una carretera estatal y, por ende, también la acera adyacente a la misma, lugar en que el recurrido alega sufrió una caída.

Mediante *Resolución* emitida el 15 de enero de 2025, ordenamos a la parte recurrida exponer su postura. Transcurrido mayor término, sin que la parte recurrida haya comparecido, procedemos según advertido, a resolver sin el beneficio de su comparecencia.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v.*

*Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. La Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113, resuelto el 25

de octubre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024.

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Díaz Vázquez y otros v. Colón Peña y otros,* supra; *Blassino Alvarado y otro v. Reyes Blassino y otro,* supra. Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros,* supra.

### C. Ley de Travesías y el Art. 1.053 del Código Municipal de Puerto Rico

La Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA sec. 13, mejor conocida como "Ley de Travesías" fue creada para establecer como una obligación ministerial del Comisionado del Interior de Puerto Rico la conservación y mantenimiento de los trozos de carreteras insulares que atraviesan las zonas urbanas de los pueblos, conocidos como travesías. Ahora bien, según mencionamos anteriormente, en el caso *González Meléndez v. Municipio de San Juan,* supra, nuestro más Alto Foro emitió una Opinión mediante la cual precisamente discute si los municipios responden por las reclamaciones de daños y perjuicios instadas en su contra por

accidentes ocurridas en las carreteras o aceras pertenecientes al Gobierno estatal. El Tribunal Supremo resolvió que los municipios poseen inmunidad al amparo del Artículo 1.053(g) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084.

El referido artículo 1.053 del Código Municipal de Puerto Rico, supra, establece que:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio.
>
> a. En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
> b. En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
> c. En la imposición o cobro de contribuciones.
> d. Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
> e. Ocurrida fuera de la jurisdicción territorial de Puerto Rico.
> f. En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.
> g. Cuando ocurran accidentes en las carreteras o aceras estatales
>
> La sentencia que se dicte contra cualquier municipio de acuerdo con este capítulo no incluirá, en ningún caso, el pago de intereses por periodo alguno anterior a la sentencia, ni concederá daños punitivos, ni impondrá honorarios de abogados. La imposición de costas se regirá por el procedimiento sumario.

En *González Meléndez v. Municipio de San Juan*, supra, el Tribunal Supremo interpretó el inciso (g) del Art. 15.005, de la Ley de Municipios Autónomos, 21 LPRA sec. 401 (derogado), actual Art. 1.053 del Código Municipal de Puerto Rico, *supra*, dejando establecido que éste prohíbe "las acciones en contra de los municipios por daños y perjuicios a la persona o propiedad cuando ocurrían accidentes en las carreteras o aceras estatales…[d]e este modo, si cualquiera de las instancias del Art. 15.005 de la Ley de Municipios Autónomos, *supra*, se cumple, entonces se está ante una limitación para demandar a los municipios, para la cual no existe

una excepción en ley. Se trata, pues, de una lista *numerus clausus* establecida por el legislador, la cual sólo puede ser variada por este".

**III.**

En esencia, el MSJ y MAPFRE nos solicitan la revocación de la *Resolución* recurrida, mediante la cual, el foro primario denegó su solicitud de desestimación. Luego de evaluar sosegadamente el expediente ante nos, con particular atención a la normativa aplicable al caso y controversia de referencia, colegimos que, el TPI incidió en su proceder por incurrir en el error de derecho señalado. Nos explicamos.

El señor Márquez Matos incoó la demanda de referencia, por entender que el MSJ es, en parte, responsable por los alegados daños y perjuicios sufridos, tras la caída que ocurrió en la acera localizada frente a su residencia en la Calle Loíza del Municipio de San Juan. Como parte de sus alegaciones[3] adujo que, el MSJ emitió una certificación en la que informa haber realizado una búsqueda en sus archivos y no encontró evidencia de que la referida calle es del MSJ. Sin embargo, expuso que de la certificación también se desprende que, la Calle Loíza o PR-37 es una servidumbre del Departamento de Transportación y Obras Públicas, pero a pesar de ello, no se descarta que, exista un convenio entre MSJ y el ELA para que, de cualquier forma, se imponga responsabilidad al municipio sobre los asuntos atinentes a esta vía.

En reacción a lo antes, y mediante su solicitud de desestimación, el MSJ destacó que al culminar una investigación emitió una segunda certificación, el 8 de octubre de 2024, mediante la cual informó que, el MSJ no posee control, jurisdicción y mantenimiento de la Calle Loíza, ya que esta es una servidumbre del ELA. Arguyó que, de todas formas, correspondía desestimar la demanda interpuesta en su contra, en atención a lo resuelto por el

---

[3] Véase, Apéndice pág. 2, alegación número 2.6.

Tribunal Supremo de Puerto Rico en *González Meléndez v. Municipio de San Juan*, supra. Al consignar su oposición al referido petitorio, el señor Márquez Matos reiteró lo informado por el MSJ en la primera certificación y su interés de continuar los procesos.

Al evaluar las posturas señaladas, el TPI determinó que, ante la existencia de dos certificaciones y la presunta posibilidad de un convenio entre el MSJ y el ELA, no procedía la desestimación de la demanda en contra de MSJ.

Luego de analizar el expediente ante nos y lo que consideramos la más correcta aplicación del derecho en este caso, concluimos que, el foro primario erró en su proceder, al no tomar en consideración el precedente establecido por el Tribunal Supremo en *González Meléndez v. Municipio de San Juan,* supra, y al no aplicar el Artículo 1.053 del Código Municipal de Puerto Rico, *supra,* según interpretado por el Alto Foro. De esta forma se apartó de lo requerido por nuestro ordenamiento jurídico para dirigir el ejercicio de su discreción y análisis en derecho. Consideramos que, el TPI debió justipreciar que, en esta etapa de los procesos, la Regla 10.2 y la Regla 36 de las Reglas de Procedimiento Civil, *supra,* lo facultan para determinar que, en ausencia de controversias de hechos medulares, procede aplicar el derecho vigente. Resulta evidente que, en atención al precedente establecido, el TPI debió desestimar sumariamente la demanda instada. Lo antes, debido a que, según la normativa antes expuesta (y aplicada por paneles hermanos de esta Curia, en otros recursos[4]) sobre la misma materia, el MSJ no responde por el accidente que alegadamente ocurrió en la acera de la PR-37.

De una revisión de la determinación recurrida observamos que, el TPI no consideró necesario aplicar el citado precedente a la

---

[4] Véase lo resuelto por un panel hermano en los recursos KLAN202300935 y el KLCE202201236.

controversia ante su consideración. El estado de derecho vigente establece y reconoce la prohibición expresa de responsabilizar a los municipios por reclamaciones judiciales como la presente. Ciertamente, en esta etapa de los procesos, el foro primario debió disponer de la moción dispositiva, según presentada, mediante la más correcta aplicación del derecho.

Ante ello y en vista del error de derecho cometido, concluimos que, conforme la Regla 40, *supra*, se reúnen los criterios que permite nuestra intervención sobre el dictamen recurrido en esta etapa de los procedimientos.

**IV.**

Por todo lo antes, expedimos el auto de *certiorari*, revocamos la *Resolución* recurrida y desestimamos con perjuicio, la demanda instada contra el MSJ y MAPFRE.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones